FILED
SUPERIOR COURT
OF GUAM

2021 MAY -5 AM 10: 53

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

CLARISSA ROSARIO CRUZ,

Plaintiff,

vs.

CRAIG GABRIEL ARCEO,

Defendant.

**Superior Court Case No. <u>DM0399-19</u>**

**DECISION AND ORDER RE MOTION
TO ENFORCE SETTLEMENT**

The Court here addresses the scope of the parties' Mediation Agreement. The Court determines that the parties reached a resolution as to the physical custody of their minor child, AMCA; that Defendant Craig Gabriel Arceo will arrange for a family member to escort AMCA from Guam to California; and that the parties will split time with AMCA over Christmas break when Arceo is on Guam. The remaining issues will be resolved at trial.

## I. PROCEDURAL BACKGROUND

Clarissa Rosario Cruz filed this case seeking full legal and primary physical custody of AMCA and child support as required by the Guam Child Support Guidelines. Compl. Custody and Support (Jul. 18, 2019). Arceo also counterclaimed for joint legal and physical custody, with the parties alternating physical custody on an annual basis, or, in the alternative, for primary physical custody with summer and every other Christmas break visitation for Cruz. Answer and Countercl. Child Custody and Child Support (Aug. 30, 2019). Arceo also seeks child support as required by the Guam Child Support Guidelines. *Id.*

The Court ordered the parties to mediate the matter. Order for Mediation (Oct. 25, 2019).

ORIGINAL

The mediators informed the Court that mediation occurred and that the parties had agreed on some of the claims. Mediator's Statement (Nov. 25, 2019). The Mediation Agreement indicates the parties agreed to the following:

> 1.    Splitting time with their daughter, [AMCA], over Christmas Break, if and when Craig returns to Guam for Christmas.
> 2.    [AMCA] will spend the whole summer with her father (Craig) when school ends, starting this summer 2020, from June through July. Craig agrees to make arrangements for [AMCA] to be escorted from Guam to California, with trusted family members (i.e. Clarissa, grandmother, aunties...).
> 3.    In the future both parties agree to consider the year off, year on custody/visitation arrangement for [AMCA].
> 4.    In the event that Craig should relocate back to Guam, both parties agree to the week on, week off custody/visitation arrangement for [AMCA].

Mediator's Statement at 3.

Cruz moved to enforce the Mediation Agreement as a partial settlement; she claims that the only outstanding issues are child support, medical insurance, and communication between AMCA and the noncustodial parent. In his Opposition, Arceo agreed that the Mediation Agreement partially settled the issues and that child support and a communication schedule remain outstanding. He argues, however, that legal custody, travel expenses, and a visitation schedule over AMCA's Christmas break are not covered by the Mediation Agreement and should be left for trial.

## II.    LAW AND DISCUSSION

Interpretation of a mediation agreement follows the rules of construction for contracts. The Court attempts to derive the parties' intent from the writing alone. *Blas v. Cruz*, 2009 Guam 12 ¶ 18; *Leon Guerrero v. Moylan*, 2000 Guam 28 ¶ 8. Effect must be given to the mutual intent of the parties as expressed in the writing. *Leon Guerrero*, 2000 Guam 28 ¶ 8.

The parties concur that they agreed to the terms contained in the Mediation Agreement. They also agree that child support remains an outstanding issue and that the final child support

ORIGINAL

determination should be made according to the Guam Child Support Guidelines. Furthermore, they agree that the issue of communication between AMCA and the noncustodial parent shall be determined at trial.

As to travel expenses, Cruz argues that the Mediation Agreement implies that Arceo is to bear AMCA's travel expenses. The Mediation Agreement states that Arceo "agrees to make arrangements for [AMCA] to be escorted from Guam to California, with trusted family members." This language indicates that Arceo's obligation is in regards to the family member that will be travelling from Guam to California. The Court finds, however, that the language of the Mediation Agreement does not explicitly indicate which party is responsible for AMCA's expenses for the trips from Guam to California or from California to Guam. Accordingly, the resolution of which party is to bear AMCA's travel expenses is left for trial.

Next, Arceo argues that the Christmas visitation schedule remains an outstanding issue. The Mediation Agreement indicates that, during Christmas break, Cruz is the custodial parent and, if Arceo is on Guam during that time, he has the right to spend more or less equal amounts of time with AMCA. It is silent, however, as to the actual visitation schedule. The Court therefore finds that the visitation schedule over AMCA's Christmas break when Arceo is in Guam is unresolved and shall be left for trial.

Lastly, Cruz argues that the parties have not resolved the issue of legal custody. Legal custody is defined as "the right and obligation to make long-range decisions involving education, religious training, discipline, medical care, and other matters of major significance concerning the child's life and welfare." *Howerton v. Howerton*, 2004 Guam 8 ¶ 12. The Court finds that the Mediation Agreement is silent as to these items. Accordingly, a final determination as to legal custody will be determined at trial.

ORIGINAL

## III.    CONCLUSION

In enforcing the Mediation Agreement as written, the Court finds that the parties reached an agreement as to physical custody of AMCA while Arceo does not reside on Guam; that Arceo will arrange for a family member to escort AMCA from Guam to California; and that the parties will split time with AMCA over Christmas break when Arceo is on Guam. The Court therefore GRANTS the enforcement of the Mediation Agreement as a partial settlement of these issues.

The Court also finds that the Mediation Agreement does not indicate that the parties reached a final agreement to resolve the issues of legal custody, child support, medical insurance, noncustodial communication schedule, which party is to bear AMCA's travel expenses, and the visitation schedule over AMCA's Christmas break when Arceo is in Guam. These issues shall be determined at trial.

SO ORDERED this 5th day of May 2021.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

...edge that an electronic
...y of the original was e-mailed to:
_____
_____
Date: _____ Time: _____
_____
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Curtis Van de veld, Esq., The Van de veld Law Offices, P.C., for Plaintiff Clarissa Rosario Cruz
Daron Berman from Berman, O'Connor, & Mann for Defendant Craig Gabriel Arceo

ORIGINAL